SEAMEN'S BANK FOR SAVINGS IN THE CITY OF NEW YORK, Plaintiff and Appellee, *v.* HEIRS OF RAFAEL SEPÚLVEDA LUGO ET AL., Defendants and Appellants.

No. R-69-190.     Decided June 30, 1970.

*Martín Almodóvar Acevedo* for appellants. *J. M. Calderón García, J. M. Calderón Cerecedo, William J. Riefkohl, Cristóbal Colón,* and *Francisco Alonso Rivera* for appellee.

PER CURIAM: This is the third time, in a period of merely six months, that we have to consider the availability of a summary judgment in a case for the foreclosure of a mortgage through ordinary proceedings involving a dwelling house acquired under the Federal Housing Administration (FHA) Plan, based on default in payment of the installments fixed for the amortization of the mortgage credit. On the two preceding occasions we reversed the summary judgment rendered, relying on the fact that the defendants' answer under oath established a genuine controversy of facts between the parties requiring an adjudication on the merits in a plenary suit. The foreclosing party was the same entity in both cases. *Housing Investment Corp.* v. *Sosa,* 98 P.R.R. 240 (1970) ; *Housing Investment Corporation* v. *Benés Román,* judgment of June 16, 1970. In the *Sosa* case (footnote 1) our concern evidently appears, provoked by the facts as they

appear from the record of that case, to the point of warning the Legislature as to the possible evils in the practice of the foreclosure of mortgages with a view to explore the possibility of providing such measures as would be necessary to avoid them.

The foregoing does not prejudge, of course, the merits of the controversy raised in this case, which should be adjudicated by the trial court at the proper time in a plenary suit, when the case is remanded to the trial court as we shall decide hereinafter.

From the record it appears that on April 22, 1966, appellants' predecessor in title and his wife acquired the lot and dwelling house situated in Urbanización Sierra Bayamón. The property acquired was encumbered with a mortgage lien constituted by their predecessors in title to guarantee the payment of an obligation which they assumed, evidenced by a promissory note in favor of Housing Investment Corporation for the principal amount of $16,600, interest at 5¼ percent per annum, $1,660 for interest in addition to those guaranteed by law, plus $1,660 which was fixed as a liquid sum to cover the payment of costs, expenses, and attorney's fees in case of nonperformance and judicial claim. Said obligation was constituted under the Federal Housing Administration (FHA) Plan.

The promissory note and the mortgage deed contain the general clause of acceleration of maturity of the entire principal sum without notice to the debtor if default in the payment of any installment is not made good prior to the date on which the next such installment falls due, the holder being entitled at its option to demand payment thereof.

The foreclosure proceeding was filed on October 21, 1968. They allege default in payment of the installment which fell due on August 1, 1968, and those corresponding to the subsequent months.

Appellants, the deceased debtor's widow and children filed motion of opposition alleging affirmatively having paid all the monthly installments according to the agreement; that Housing Investment Corporation (original holder of the note) "acting as agent of plaintiff Seamen's Bank for Savings in the City of New York (grantee) has refused to accept the payments without any cause or justification whatsoever, forcing defendants to deposit the corresponding monthly installments in the District Court of Puerto Rico, San Juan Part, Civil Case No. 68-6199." The following is also alleged:

"That the complaint is premature since Housing Investment Corp., in refusing to receive the installments corresponding to August and September including extra charges, proceeded to bring, on September 26, 1968, a complaint for deposit which is pending trial in the District Court of Puerto Rico, San Juan Part, and is set for hearing on April 8, 1969, in Room No. 7 of said Court.

"That the above-entitled complaint was filed 30 days after the deposit was made and 14 days after the complaint for deposit was answered by plaintiff's own attorneys in the above-entitled case."

Appellee, relying on a sworn statement of the Vice-president of Housing Investment, requested that summary judgment be rendered in its favor.[1] In said statement it was affirmed that defendants "have incurred nonperformance . . . for nonpayment of the monthly payments due from August 1, 1968, until the present time." Appellants filed motion of opposition and under oath deponent, one of the appellants, affirmed that ". . . he had paid punctually with his own money all the monthly installments after the death of our

---

[1] Appellee also attached a history of the payments of the monthly installments before and after the date of acquisition of the property by appellants' predecessor, for the express purpose of showing previous delays in the payment of monthly installments on some occasions. We consider said history irrelevant since the option to demand payment acknowledged by the note was not exercised, and the complaint does not refer to delays before August 1968.

father. . . ." He also affirmed that the Housing Investment has refused to receive the payments making specific reference to the deposit of the monthly installments in the case brought before the District Court of San Juan. A genuine issue of fact was thus initiated with respect to the alleged nonperformance requiring an adjudication on the merits guaranteed by a plenary suit.

The judgment appealed from will be reversed and the case will be remanded for further proceedings.

Mr. Justice Rigau did not participate herein.